VALKYRIE LAW GROUP, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
1 N. State Street, Suite 1500
Chicago, IL 60602
Telephone: 312-448-6602
Email: hblaise@valklaw.com

Attorneys for Plaintiff,
JOSEPH RAYHBUCK p/k/a FAT CODA STUDIOS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYHBUCK p/k/a FAT CODA STUDIOS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CATHAL MCGINLEY p/k/a KATHEL, an individual,<br><br>    Defendant. | CASE NO: _____<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOSEPH RAYHBUCK p/k/a FAT CODA STUDIOS ("Rayhbuck"), by and through his attorneys, Valkyrie Law Group, P.C., as and for his Complaint for Copyright Infringement against Defendant CATHAL MCGINLEY p/k/a KATHEL ("McGinley"), states as follows:

## NATURE OF THE ACTION

1. This is an action to stop McGinley's rampant infringement of Rayhbuck's copyrighted work "Laterals" (hereinafter the "Work") for commercial gain, and to recover damages for McGinley's willful conduct.

2. Defendant McGinley infringes the Work on his album "Kathel Music," in two tracks entitled "Interpretive Dance" ("Infringing Track 1") and "Interpretive Dance

Song" ("Infringing Track 2").

3. On April 29, 2025, Plaintiff formally lodged a Digital Millenium Copyright Act ("DMCA") takedown notice of McGinley's YouTube video entitled "Interpretive Dance" published on March 1, 2025, which contains audio of Infringing Track 1.

4. On May 15, 2025, McGinley submitted his formal DMCA Counter Notice, attached hereto and incorporated herein as **Exhibit A**.

5. Plaintiff files the above-captioned action seeking a court order for the removal of Infringing Track 1 and Infringing Track 2 from any and all online platforms, and to prohibit any further infringement of Plaintiff's Work.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (federal question) and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant in that, among other things, Defendant does business with CD Baby, Inc. ("CD Baby") which is found in this Judicial District, and Plaintiff does business and is suffering harm in this Judicial District, and because Defendant targeted consumers located in this Judicial District with his infringing activity.

8. This Court further has personal jurisdiction over Defendant because pursuant to Defendant's DMCA Counter Notice, McGinley consented to the jurisdiction of the Federal District Court of which CD Baby may be found. *See* Exhibit A.

9. This Court has personal jurisdiction over Defendant in that, among other things, Defendant does business in this Judicial District, and Plaintiff does business and is suffering harm in this Judicial District as Defendant's infringement was posted on the TikTok, Inc.'s platform known as "TikTok", whose principal place of business in the United States is located in this Judicial District at 5800 Bristol Parkway, Suite 100,

Culver City, CA 90230, and because Defendant targeted consumers located in this Judicial District with his infringing activity.

10. Venue is proper in this Judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(a).

## THE PARTIES

11. Plaintiff JOSEPH RAYHBUCK p/k/a FAT CODA STUDIOS ("Plaintiff," "Rayhbuck"), is an individual and citizen of California, domiciled in Castro Valley, California.

12. Rayhbuck is an accompanist, performer, and producer specializing in drums and percussion for live and session work, dance class accompaniment, and composition.

13. Defendant CATHAL MCGINLEY p/k/a KATHEL ("Defendant," "McGinley"), is a citizen of Northern Ireland, United Kingdom, with a mailing address of Cathal (B) c/o Inishowen Parcel Service, 14B McLean Road, Campsie Industrial Estate, Eglington, BT47 3XX, United Kingdom.

14. Defendant McGinley is a DJ and producer, and publishes his music on platforms including but not limited to Spotify, YouTube, TikTok, Apple Music, Soundcloud, and Amazon Music.

## FACTS RELEVANT TO ALL COUNTS

**A. The Work**

15. The Work entitled "Laterals" is a sound recording which embodies a musical composition from Plaintiff Rayhbuck's album called "Drums for Modern Dance Class (Horton Technique)," and was published on June 12, 2015.

16. The Work was registered with the U.S. Copyright Office on October 28, 2024, Registration No. SR 1-016-157, attached hereto and incorporated herein as **Exhibit B**.

**B. The Infringements**

17. On or about March 1, 2024, McGinley released his album "Kathel Music"

which contains the tracks "Interpretive Dance" ("Infringing Track 1") and "Interpretive Dance Song" ("Infringing Track 2").

18. Throughout both Infringing Track 1 and Infringing Track 2, a distinctive sample of Plaintiff's drumbeats from the sound recording embodying the Work plays as a base throughout Infringing Track 1 and Infringing Track 2.

19. Defendant does not hold a valid and/or enforceable license or any other form of consent to use a sample of the sound recording which embodies the Work, nor does Defendant hold any license to use or adapt the Work.

20. McGinley agreed to do business with CD Baby, which is a digital music distribution platform that provides services to independent artists and labels.

21. Upon information and belief, CD Baby operates by allowing artists to upload musical works and related metadata to its platform, in exchange for fees and/or a share of future royalties.

22. CD Baby facilitated the distribution of McGinley's musical works, including Infringing Track 1 and Infringing Track 2, to various digital service providers, including but not limited to Spotify, Apple Music, Amazon Music, and YouTube.

23. On October 27, 2024, McGinley posted a TikTok video using Infringing Track 1 as its audio.

24. Defendant did not obtain any license or authority by Plaintiff to use the Work in his video posted on TikTok.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
### *Sample – Infringing Track 1*

25. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

26. The Work is owned and/or controlled by Plaintiff Rayhbuck and is an original, creative work and constitute copyrightable subject matter under the Copyright

1  Act.

2      27.    Rayhbuck owned and controlled the copyright to the Work during the relevant times of McGinley's infringement.

    28.    McGinley knowingly infringed Rayhbuck's copyrights by sampling the sound recording embodying the Work, creating a derivative works, publishing and placing on the market the phonorecord in the form of digital downloads and streaming audio, which contain Plaintiff's musical composition embodied in the sound recording of the Work.

    29.    By sampling and creating a derivative work, and reproducing, publishing, offering for sale, distributing, and selling the "Kathel Music" album and the "Interpretive Dance" track, Defendant has infringed and is continuing to infringe Plaintiff's copyrights throughout the United States without the consent of Plaintiff and in complete disregard of Plaintiff's exclusive rights to the Work.

    30.    Since the date of first publication on June 12, 2015, Plaintiff has complied with all pertinent provisions with respect to the Work.

    31.    Through this unauthorized use, McGinley has unlawfully reproduced, prepared a derivative work from and/or distributed the Work in violation of at least 17 U.S.C. § 106(1), (2), and (3), without any authorization, permission, license, or consent from Rayhbuck.

    32.    McGinley's act of infringement is knowing, deliberate, and in complete disregard for Rayhbuck's rights.

    33.    McGinley's conduct constitutes willful copyright infringement under 17 U.S.C. § 504(c)(2).

    34.    As a direct and proximate result of McGinley's infringement of Rayhbuck's copyright and exclusive rights under copyright, Plaintiff is entitled to his actual damages, including McGinley's profits attributable to the infringement, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b), or, in the alternative, at Plaintiff's election pursuant to 17 U.S.C. § 504(c), to statutory damages up to the

amount of $150,000.00 per infringed work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

35. Plaintiff is entitled to his costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## COUNT II
## DIRECT COPYRIGHT INFRINGEMENT
### *Sample – Infringing Track 2*

36. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

37. The Work is owned and/or controlled by Plaintiff Rayhbuck and is an original, creative work and constitute copyrightable subject matter under the Copyright Act.

38. Rayhbuck owned and controlled the copyright to the Work during the relevant times of McGinley's infringement.

39. McGinley knowingly infringed Rayhbuck's copyrights by sampling the sound recording embodying the Work, creating a derivative works, publishing and placing on the market the phonorecord in the form of digital downloads and streaming audio, which contain Plaintiff's musical composition embodied in the sound recording of the Work.

40. By sampling and creating a derivative work, and reproducing, publishing, offering for sale, distributing, and selling the "Kathel Music" album and the "Interpretive Dance Song" track, Defendant has infringed and is continuing to infringe Plaintiff's copyrights throughout the United States without the consent of Plaintiff and in complete disregard of Plaintiff's exclusive rights to the Work.

41. Since the date of first publication on June 12, 2015, Plaintiff has complied with all pertinent provisions with respect to the Work.

42. Through this unauthorized use, McGinley has unlawfully reproduced, prepared a derivative work from and/or distributed the Work in violation of at least 17

1  U.S.C. § 106(1), (2), and (3), without any authorization, permission, license, or consent
2  from Rayhbuck.

3      43.    McGinley's act of infringement is knowing, deliberate, and in complete
4  disregard for Rayhbuck's rights.

5      44.    McGinley's conduct constitutes willful copyright infringement under 17
6  U.S.C. § 504(c)(2).

7      45.    As a direct and proximate result of McGinley's infringement of
8  Rayhbuck's copyright and exclusive rights under copyright, Plaintiff is entitled to his
9  actual damages, including McGinley's profits attributable to the infringement, in
10 amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b), or, in the alternative, at
11 Plaintiff's election pursuant to 17 U.S.C. § 504(c), to statutory damages up to the
12 amount of $150,000.00 per infringed work, or such other amounts as may be proper
13 under 17 U.S.C. § 504(c).

14     46.    Plaintiff is entitled to his costs, including reasonable attorney's fees,
15 pursuant to 17 U.S.C. § 505.

## COUNT III

### DIRECT COPYRIGHT INFRINGEMENT

*TikTok Video – Infringing Track 1*

19     47.    Plaintiff incorporates the preceding paragraphs of this Complaint as if
20 fully set forth herein.

21     48.    By his actions, Defendant's creation, posting, and distribution of his
22 TikTok video infringes Rayhbuck's copyright.

23     49.    Through this unauthorized use, McGinley has unlawfully reproduced,
24 prepared a derivative work from and/or distributed the Work in violation of at least 17
25 U.S.C. § 106(1), (2), and (3), without any authorization, permission, license, or consent
26 from Rayhbuck.

27     50.    McGinley's act of infringement is knowing, deliberate, and in complete
28 disregard for Rayhbuck's rights.

51. McGinley's conduct constitutes willful copyright infringement under 17 U.S.C. § 504(c)(2).

52. As a direct and proximate result of McGinley's infringement of Rayhbuck's copyright and exclusive rights under copyright, Plaintiff is entitled to his actual damages, including McGinley's profits attributable to the infringement, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b), or, in the alternative, at Plaintiff's election pursuant to 17 U.S.C. § 504(c), to statutory damages up to the amount of $150,000.00 per infringed work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

53. Plaintiff is entitled to his costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment from this Honorable Court in Plaintiff's favor against Defendant:

a. A declaration that Defendant McGinley has willfully infringed Plaintiff Rayhbuck's copyrighted sound recording in violation of the Copyright Act;

b. A permanent injunction requiring McGinley and his agents, employees, officers, attorneys, successors, licensees, partners and assignees, and all persons acting in concert with any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiff's rights protected by the Copyright Act;

c. An Order requiring McGinley to render a full and complete accounting to Plaintiff for McGinley's profits, gains, advantages, and the value of business opportunities received from his infringing activities;

d. For statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's *willful* infringement to the greatest extent provided by the Copyright Act,

1  or, in the alternative, at Plaintiff's election, Plaintiff's actual damages and
2  Defendant's profits attributable to the infringement pursuant to 17 U.S.C.
3  § 504(b), in an amount to be proven at trial;

4  e. For an award of Plaintiff's costs in this action, including reasonable
5  attorney's fees, pursuant to 17 U.S.C. § 505;

6  f. For pre-judgment and post-judgment interest at the applicable rate on any
7  monetary award made part of the judgment against Defendant; and

8  g. For such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: June 4, 2025                    Respectfully submitted,

**JOSEPH RAYHBUCK p/k/a FAT CODA STUDIOS**

　　/s/   Heather L. Blaise

HEATHER L. BLAISE, ESQ. (SBN 261619)

*Attorney for Plaintiff*